# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ESTHER SANDOVAL, )<br>)<br>    Plaintiff. )<br>) | <br><br>CAUSE NO: 2:22-CV-00218-PPS-APR |
| )<br>FRANCISCAN ALLIANCE, INC. )<br>)<br>)<br>)<br>    Defendant. )<br>) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Franciscan Alliance, Inc. ("Defendant" or "Franciscan"), by counsel, for its Answer to the Complaint filed by Plaintiff Esther Sandoval ("Plaintiff" or "Sandoval"), states as follows:

### INTRODUCTION

1. Plaintiff, Ms. Esther Sandoval, brings this action alleging violations of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.A. §§ 621 et seq. ("ADEA") and Title VII against Franciscan Alliance, Inc., the Defendant.

**ANSWER:** No answer is required to this introductory paragraph, but to the extent one is, Defendant admits that the action is brought pursuant to the ADEA and Title VII, but denies that Plaintiff is entitled to any relief.

### JURISDICTION AND VENUE

2. This court has original subject matter jurisdiction over ADEA and Title VII claims pursuant to 28 U.S.C.A. § 1331 because they arise under the laws of the United States.

**ANSWER:** Defendant admits that the listed statutes confer subject matter jurisdiction but denies that Plaintiff is entitled to any relief thereunder.

3. Venue is proper in the Northern District of Indiana under 28 U.S.C.A. § 1391 because a substantial portion of the events that gave rise to Plaintiff's claims occurred in this District, including Defendant's alleged unlawful employment practices.

**ANSWER:** Defendant admits that the venue is proper in this district, but denies that the events complained of and giving rise to Plaintiff's claims occurred.

4. This District has personal jurisdiction over Defendant because it maintains offices in this District, does business in this District, and the acts complained of and giving rise to Plaintiff's claims occurred in this District.

**ANSWER:** Defendant admits that the venue is proper in this district, but denies that the acts complained of and giving rise to Plaintiff's claims occurred.

5. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), alleging violations of the ADEA and Title VII. Plaintiff has exhausted all administrative remedies.

**ANSWER:** Defendant admits that Plaintiff timely filed a Charge of Discrimination with the EEOC, alleging violations of the ADEA and Title VII, but denies that Plaintiff has exhausted all administrative remedies.

6. Plaintiff received a "right to sue letter" from the EEOC, a copy of which is attached hereto. (Ex. A).

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 6 of the Complaint, and, therefore, denies all allegations.

## FACTUAL ALLEGATIONS

7. Ms. Esther Sandoval (hereinafter, "Ms. Sandoval") is a Hispanic female.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 7 of the Complaint and, therefore, denies all allegations.

8. Franciscan Alliance, Inc. (hereinafter, "Franciscan") is a not-for-profit corporation duly organized and existing under the laws of the State of Indiana, with several hospitals located in Lake County, Indiana. Franciscan Health Hammond is an assumed business name of Franciscan Alliance.

**ANSWER:** Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Plaintiff is an Indiana resident.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 9 of the Complaint and, therefore, denies all allegations.

10. Defendant is a large company that regularly employs more than fifteen (15) employees, making it subject to federal laws which prohibit discrimination, such as Title VII and the ADEA.

**ANSWER:** Defendant admits that it regularly employs more than fifteen (15) employees, making it subject to federal laws which prohibit discrimination, such as Title VII and the ADEA, but is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 10 of the Complaint and, therefore, denies such allegations.

11. Ms. Sandoval worked at a Franciscan hospital in Hammond, Indiana.

**ANSWER:** Defendant admits the allegations in Paragraph 11 of the Complaint.

12. Ms. Sandoval was employed with Defendant since 1978.

**ANSWER:** Defendant admits the allegations in Paragraph 12 of the Complaint.

13. Ms. Sandoval is a hard worker who enjoyed every aspect of her job and was promoted to the billing department.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 13 of the Complaint, and, therefore, denies all allegations.

14. Ms. Sandoval consistently received praise on her annual performance evaluations.

**ANSWER:** Defendant denies the allegations in Paragraph 14 of the Complaint.

15. After forty-two (42) years of working at Franciscan, Ms. Sandoval has faced obstacles and challenges that she would not have faced had she been younger or a White American.

**ANSWER:** Defendant denies the allegations in paragraph 15 of the Complaint.

16. Ms. Sandoval's previous supervisor was Sherry Kozlowski (hereinafter, "Ms. Kozlowski").

**ANSWER:** Defendant admits the allegations in Paragraph 16 of the Complaint.

17. In an effort to describe the discriminatory work environment at Defendant's facilities:

   a. Around eight (8) to ten (10) years ago, during the holiday season, Ms. Kozlowski created a racially-stereotypical meme video of Ms. Sandoval's face imposed on a mariachi singer singing and dancing to the Jose Feliciano Christmas song, "Feliz Navidad."

   b. When Ms. Sandoval formed a prayer group during Franciscan's daily chapel break, she being a devoutly religious Hispanic, Ms. Kozlowski scolded Ms. Sandoval for doing so.

   c. Ms. Sandoval, as part of the billing department, was to process billing statements in a way that met key performance indicators (hereinafter, "KPI"). In August 2018,

Ms. Sandoval was assigned an account to review. When Ms. Sandoval noticed there was an edit on the account, she asked Ms. Kozlowski what the edit meant, to which Ms. Kozlowski replied that it was corrected. Ms. Sandoval still needed to complete the task; however, the issue was never resolved. A later e-mail revealed that Ms. Kozlowski trained two (2) of Ms. Sandoval's colleagues, who were White, on how to make said edits.

d. Ms. Kozlowski told Ms. Sandoval that she could teach her how to edit, but that she (Ms. Sandoval), would probably have to write it down to remember, implying a failing memory. No records indicate that Ms. Kozlowski made such a comment to the younger or Non-Hispanic colleagues of Plaintiff.

e. In 2019, Terri Townsend (hereinafter, "Ms. Townsend"), who is African-American, became Ms. Sandoval's new supervisor. Jan Boykin (hereinafter, "Ms Boykin"), also African-American, becomes the manager. One day in 2019, Ms. Sandoval asked Ms. Townsend a question about how to resolve an assignment. Ms. Townsend asked Ms. Kozlowski about how to resolve the issue, to which Ms. Kozlowski replied, "Shouldn't [Ms. Sandoval] know that?", again implying a failing memory.

f. One of Ms. Sandoval's colleagues named Stefania, who is Caucasian, and less than 45 years old, regularly took family medical leave and would only come into the office two (2) or three (3) days per week. During those two (2) or three (3) days, Stefania would sometimes leave early. Stefania's accounts were regularly backlogged, and Ms. Sandoval would have to correct Stefania's assignments, in

addition to the workload that Ms. Sandoval already had. Taking on those assignments caused Ms. Sandoval to fall behind and to miss the requisite KPIs.

g. To Ms. Sandoval's knowledge, Stefania was not reprimanded for missing her KPI's as she was always on FMLA and was excused.

h. Ms. Sandoval was forbidden by Defendant's managers from using overtime in order to catch up on her assignments and possibly meet her KPIs. Eventually, Stefania was moved to the medical records department, which one person in the office called "a cushion job," meaning that the workload is extremely easy.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraphs 17(e), 17(f), and 17(g) of the Complaint, and, therefore, denies all allegations. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18. Despite consistently asking to know what her exact mistakes alleged were, Ms. Sandoval was never fully shown what her exact mistakes were.

**ANSWER:** Defendant denies the allegations in Paragraph 18 of the Complaint.

19. In March 2020, Franciscan workers began working from home due to the impact of the COVID-19 pandemic.

**ANSWER:** Defendant admits that some Franciscan employees began working from home due to the COVID-19 pandemic but denies the remaining allegations in Paragraph 19 of the Complaint.

20. During this time, Ms. Sandoval received training on how to improve her billing skills.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 20 of the Complaint and, therefore, denies all allegations.

21. With Defendant's full knowledge, an African-American woman altered her KPIs. When it was brought to management's attention, neither she or her supervisor, nor management were reprimanded.

**ANSWER:** Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant's managers held informative meetings with other billers but excluded Ms. Sandoval.

**ANSWER:** Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Regarding her performance, in early spring 2021, Ms. Sandoval's supervisors told her "We'll see how you do in May."

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 23 of the Complaint and, therefore, denies all allegations.

24. On or about July 1, 2021, Defendant's managers, Ms. Boykin, Ms. Townsend, and a Human Resources representative, participated in a computer chat with Ms. Sandoval.

**ANSWER:** Defendant admits the allegations in Paragraph 24 of the Complaint.

25. During the chat, Defendant informed Ms. Sandoval that she was terminated effective immediately due to a failure to meet KPI.

**ANSWER:** Defendant admits the allegations in Paragraph 25 of the Complaint.

26. When Ms. Sandoval asked about other employees who failed to meet KPI, the managers said they could not discuss other employees.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 26 of the Complaint and, therefore, denies all allegations.

27. Defendant failed to tell Ms. Sandoval where she could collect her last paycheck, that she was eligible for unemployment, or when her employee benefits would lapse. Ms. Sandoval had to figure these things out on her own.

**ANSWER:** Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant publicly communicated the termination because various workers around the hospital commented about how sad they were to see Ms. Sandoval.

**ANSWER:** Defendant denies the allegations in Paragraph 28 of the Complaint.

29. During her tenure at Defendant, Plaintiff was a model employee and received exemplary internal performance reviews.

**ANSWER:** Defendant denies the allegations in Paragraph 29 of the Complaint.

30. At the time she was fired, Plaintiff expected that her long and successful career with Defendant would continue for at least several more years to come. Plaintiff never expressed an intention to retire.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 30 of the Complaint and, therefore, denies all allegations.

31. Plaintiff has also lost substantial income and other privileges and benefits of employment.

**ANSWER:** Defendant denies the allegations in Paragraph 31 of the Complaint.

### FIRST CLAIM FOR RELIEF

### INTENTIONAL AGE DISCRIMINATION

32. Plaintiff incorporates the preceding paragraphs as though set forth in full here.

**ANSWER:** Defendant incorporates the responses to Paragraphs 1 through 31 as set forth in full herein.

33. Franciscan Alliance engaged in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against its older billers, including Plaintiff.

**ANSWER:** Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant intentionally discriminated against Plaintiff in violation of the ADEA by, among other things:

   a. reducing Plaintiff's role and influence in the final years of her employment;

   b. targeting Plaintiff with age-motivated ridicule, public berating, and criticism;

   c. making derogatory statements about Plaintiff's age and memory;

   d. management favored another biller who had previously worked in Plaintiff's department and wanted her to return, however, she was not able to return while Ms. Sandoval occupied her position. Upon Ms. Sandoval's termination said biller was able to return and fill Ms. Sandoval's position.

   e. failing to take reasonable and adequate steps to prevent and correct Plaintiff's complaints which Defendant knew or should have known related to age discrimination.

**ANSWER:** Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Plaintiff believes and alleges that Franciscan discriminated against Plaintiff due to her age through other acts of which Plaintiff is presently unaware and which will be shown in the course of discovery.

**ANSWER:** Defendant denies the allegations in Paragraph 35 of the Complaint.

36. The discriminatory acts that constitute Defendant's pattern and/or practice of age discrimination have occurred both within and outside the liability period in this case.

**ANSWER:** Defendant denies the allegations in Paragraph 36 of the Complaint.

37. As a direct result of Defendant's discriminatory policies and/or practices as described above, Plaintiff suffered damages including, but not limited to, lost past and future income, compensation, and other benefits of employment.

**ANSWER:** Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Franciscan's practices are unlawful employment practices that discriminate and are in violation of the ADEA.

**ANSWER:** Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Because of Franciscan's discriminatory acts stated herein and other discriminatory acts not herein stated, Ms. Sandoval was hindered from fully growing as a billing employee, from being able to show that she could meet or exceed expectations, wrongfully disciplined for actions that her younger colleagues were not disciplined for, denied the opportunity to work in a less hostile environment, and has been humiliated among her former colleagues.

**ANSWER:** Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Plaintiff requests relief as described below.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief.

## SECOND CLAIM FOR RELIEF

### RACE DISCRIMINATION

41. Plaintiff incorporates the preceding paragraphs as though set forth in full here.

**ANSWER:** Defendant incorporates the responses to Paragraphs 1 through 40 as set forth in full herein.

42. Defendant violated Title VII by discriminating against Plaintiff due to her race and ethnic heritage.

**ANSWER:** Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant took tangible adverse employment actions against Plaintiff, by and through the actions of their agents, when, they terminated her.

**ANSWER:** Defendant denies the allegations in Paragraph 43 of the Complaint.

44. A legitimate, nondiscriminatory reason does not exist to justify Defendant's intentional, disparate, and retaliatory treatment of Plaintiff.

**ANSWER:** Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Franciscan's practices are unlawful employment practices that discriminate and are in violation of Title VII.

**ANSWER:** Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Because of Franciscan's discriminatory acts stated herein and other discriminatory acts not herein stated, Ms. Sandoval was hindered from fully growing as a billing employee, from being able to show that she could meet or exceed expectations, wrongfully disciplined for actions that her White and non-Hispanic colleagues were not disciplined for, denied the opportunity to work in a less hostile environment, and has been humiliated among her former colleagues.

**ANSWER:** Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Plaintiff requests relief as described below.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief.

### THIRD CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiff incorporates the preceding paragraphs as though set forth in full here.

**ANSWER:** Defendant incorporates the responses to Paragraphs 1 through 47 as set forth in full herein.

49. Franciscan Alliance acted intentionally or recklessly with regard to Plaintiff's employment rights and personal well-being, in a manner that was so outrageous in character, and so extreme in degree, as to be beyond reasonable standards of decency.

**ANSWER:** Defendant denies the allegations in Paragraph 49 of the Complaint.

50. This conduct includes, but is not limited to, publicly belittling Plaintiff in the final years of her employment, reducing Plaintiff's role and influence after more than four decades as a biller at Franciscan, spreading false rumors about Plaintiff's continued employability with Defendant, forcing Plaintiff into an early retirement, and lying publicly about the circumstances of Plaintiff's termination in an effort to harm her future employability with the Defendant.

**ANSWER:** Defendant denies the allegations in Paragraph 50 of the Complaint.

51. As a direct and proximate result of Franciscan's wrongful conduct, Plaintiff has sustained and will continue to sustain severe emotional distress, mental anguish, economic losses and other damages. Plaintiff is entitled to compensatory and equitable damages and declaratory relief in an amount to be proven at trial.

**ANSWER:** Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Plaintiff requests relief as described in this Complaint.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief.

### FOURTH CLAIM FOR RELIEF

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

53. Plaintiff incorporates the preceding paragraphs as alleged above.

**ANSWER:** Defendant incorporates the responses to Paragraphs 1 through 52 as set forth in full herein.

54. Franciscan acted carelessly and negligently regarding Plaintiff's right to work in an environment free from discrimination and retaliation.

**ANSWER:** Defendant denies the allegations in Paragraph 54 of the Complaint.

55. This conduct includes, but is not limited to, publicly belittling of Plaintiff in the final years of her employment, reducing Plaintiff's role and influence after more than four decades as a biller at Franciscan, spreading false rumors about Plaintiff's continued employability with Defendant, forcing Plaintiff into an unwanted "retirement," and lying publicly about the circumstances of Plaintiff's termination, in an effort to harm her future employability with the defendant.

**ANSWER:** Defendant denies the allegations in Paragraph 55 of the Complaint.

56. As a direct and proximate result of Franciscan's wrongful conduct, Plaintiff has sustained and will continue to sustain severe emotional distress, mental anguish, economic losses and other damages. Plaintiff is entitled to compensatory and equitable damages and declaratory relief in an amount to be proven at trial.

**ANSWER:** Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Plaintiff requests relief as described in this Complaint.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief.

### AFFIRMATIVE DEFENSES

1. Plaintiff claims are barred as she has failed to timely exhaust her administrative remedies.

2. Plaintiff has failed to state a claim upon which relief may be granted.

3. Plaintiff is barred from recovery to the extent the claims alleged in the Complaint are broader than and inconsistent with the allegations of the Charge of Discrimination that Plaintiff

filed with the EEOC, and thus to the extent Plaintiff has failed to exhaust her administrative remedies.

4. Plaintiff is barred from recovery because any instances complained of by Plaintiff in her Complaint were not the result of discrimination. Defendant's actions towards Plaintiff were made without regard to Plaintiff's age or race.

5. Defendant has legitimate non-discriminatory reasons for all actions it took with respect to Plaintiff's employment.

6. Even if the trier of fact were to determine that discriminatory motives or reasons played any part in any employment decisions or actions regarding the Plaintiff, which Defendant denies, such decisions or actions would have been taken in any event for legitimate, non-discriminatory reasons.

7. Plaintiff's claims are barred under the doctrine of estoppel and/or unclean hands.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

9. Plaintiff has failed to reasonably mitigate her damages, thus barring or reducing his recovery.

10. Defendant denies all allegations of the Complaint to which no response was given.

11. Defendant reserves the right to raise any other defenses that may become available or apparent as this case proceeds.

**WHEREFORE**, Defendant Franciscan Alliance, Inc. prays that Plaintiff takes nothing by way of her Complaint, that judgment be entered in favor of Defendant and against Plaintiff, for its costs, and for all other relief proper in the premises.

Dated: September 22, 2022  By:  Amy J. Adolay, Atty. No. 23147-49
KRIEG DEVAULT LLP
12800 N. Meridian Street, Suite 300
Carmel, IN 46032
Telephone: (317) 238-6330 (Direct)
　　　　　　(317) 566-1110 (Main)
Facsimile: (317) 636-1507
Email: aadolay@kdlegal.com

Virginia A. Talley, Atty. No. 36171-49
KRIEG DEVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, IN 46204
Telephone: (317) 238-6260 (Direct)
　　　　　　(317) 636-4341 (Main)
Facsimile: (317) 636-1507
Email: vtalley@kdlegal.com

*Counsel for Defendant Franciscan Alliance, Inc.*

KD_14089398_3.docx